**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.   1:13-cv-01803-CMA

TCR Sports Broadcasting Holding, L.L.P. d/b/a Mid-Atlantic Sports Network

      Plaintiff,

v.

Cable Audit Associates, Inc. d/b/a Media Audits International

      Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

      Plaintiff TCR Sports Broadcasting Holding, L.L.P. d/b/a Mid-Atlantic Sports Network. ("Plaintiff"), and Defendant Cable Audit Associates, Inc. d/b/a Media Audits International ("Defendant"), may each seek documents or other information in discovery that contain confidential, proprietary and/or trade secret information of the other party or of a third-party in connection with the above-captioned case (the "Action").  The Court having found that, in light of the nature of the competitively sensitive, proprietary, confidential information that may be sought in discovery, good cause exists for the entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

      IT IS HEREBY ORDERED that this Protective Order is hereby entered in this Action:

      1.    <u>Definitions</u>: For purposes of this Order the following capitalized terms shall have the meanings indicated:

1653787.1

a.      "Confidential Information" or "Attorneys Eyes Only" information shall mean information that contains proprietary, confidential and/or commercially sensitive information, not made available to the public, about, belonging to, or in the possession of Defendant, Plaintiff and/or any of their affiliates and/or business customers, or information belonging to customers of Defendant or Plaintiff, including but not limited to, business, accounting, sales, marketing, tax, bank, and employment records, training procedures, licenses, agreements, contracts, trade data and research and development documents, customer identity and lists, pricing and rate structures or lists, and computer software programs in source code or object code.  This definition shall not be interpreted to mean that any category of documents described herein are relevant or likely to lead to the discovery of relevant information in this case.   The disclosure of "Confidential Information" and "Attorneys' Eyes Only" is restricted as provided in Section 4 below.

b.      "Counsel" shall mean the counsel of record for the respective parties in this matter including their staff and independent contractors, and such legal, clerical, paralegal and secretarial staff employed or retained by counsel of record for the sole purpose of assisting in the litigation.

c.      "Documents" shall mean tangible and electronic records and things produced in any form in this matter including, without limitation, printed matter, electronic media or physical things.

2.      Designations:

a.      Documents and Responses to Discovery: Information subject to this Protective Order shall be marked "Confidential" and/or "Attorneys Eyes Only", and

2

includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, electronically stored information, information produced pursuant to subpoena or any Order of Court, and any writings or things produced, given or filed in this action as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.  Each interrogatory answer or portion thereof, each answer to requests for admission or portions thereof, and each page of a Document or portions thereof, which is deemed by a Producing Party to disclose "Confidential Information" or "Attorneys Eyes Only" information, shall be so marked.  Where it is not feasible to mark the information (e.g., electronically stored information that is produced in its native format), the producing party may use (and identify to the receiving party) other reasonable means to designate the information as "Confidential Information" or "Attorneys Eyes Only" information.

Unless otherwise agreed between the parties or otherwise permitted under this Order, the identification and designation of "Confidential Information" or "Attorneys Eyes Only" information shall be made at the time when the information is produced.

b.    Document Inspections: The parties recognize that in some instances it may not be possible to identify or designate specific Documents containing "Confidential Information" or "Attorneys' Eyes Only" information prior to inspection due to the volume of Documents and/or the legitimate desire of a party not to mark its original records.  In such case, no Documents of the Producing Party shall be removed from the

site of the inspection or copied until such Producing Party has had an opportunity to review and designate such Documents in the manner previously explained.

c.      Depositions: Deposition transcripts shall be treated initially as "Confidential Information" in their entirety until fourteen (14) days after receipt unless the parties expressly agree otherwise.  In the event a party other than the Producing Party wishes to have another person attend the deposition, that person shall withdraw from the deposition when requested to do so by the other party asserting the confidentiality of the deposition testimony and exhibits.  This provision shall not apply to parties or their designated expert witnesses.  Within fourteen (14) days after receipt of the transcript, any party may designate portions of a deposition transcript as "Confidential," or "Attorneys' Eyes Only."  The designation shall be accomplished by a letter to all other parties and the court reporter listing the pages, lines and exhibits constituting "Confidential Information" or "Attorneys' Eyes Only" information.  If portions of the transcript or exhibits were designated as "Confidential Information" or "Attorneys' Eyes Only" information during the deposition, such designation remains in force and need not be reasserted under this paragraph.

d.      Non-Parties: Non-Parties from whom documents are obtained may designate said documents as "Confidential Information" or "Attorneys' Eyes Only" information in accordance with the terms of this Order.

e.      Inadvertent Failure to Designate: If, through inadvertence, any material containing "Confidential Information" or "Attorneys' Eyes Only" information is produced without designating the material as such, the producing party may subsequently

inform the receiving party in writing of the "Confidential Information" or "Attorneys' Eyes Only" information status of the material and designate it as confidential. The Receiving Party shall thereafter treat the disclosed material as "Confidential Information" or "Attorneys' Eyes Only" information. The receiving party shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a "Confidential Information" or "Attorneys' Eyes Only" information designation of such designation and of this Order. Any Documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned by the requesting party, and the requesting party shall also destroy any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information. Any such inadvertent disclosure shall not be construed as a waiver of the attorney-client privilege or work product doctrine.

3.      Restrictions on Use: Any "Confidential Information" or "Attorneys' Eyes Only" information produced during the course of this Action shall be used solely for the purposes of this Action and shall not be disclosed or used for any business, commercial, competitive, publicity or other purposes. All obligations and duties arising under this Order shall survive the termination of this Action. This Court retains jurisdiction over the parties to resolve any dispute regarding the improper use of information disclosed under this Order.

4.      Disclosure: "Attorneys Eyes Only" Information may be disclosed only to the parties' Counsel and an expert witness disclosed pursuant to F.R.C.P. 26(a)(2)(B) or (C) ("Expert Witnesses") or an expert employed only for trial purposes pursuant to F.R.C.P. 26(b)(4)(D) ("Non-testifying Experts") provided that, in advance of disclosure, such Counsel and

expert(s) sign(s) an Acknowledgement in the form attached as **Exhibit A** and thereby agree(s) to be bound by the terms of this Order.  "Confidential Information" may only be disclosed to the parties in this matter, their Counsel and to certain third persons authorized by this Order. Disclosure of "Confidential Information" may be made only to the following third persons only to the extent necessary for conducting this litigation and provided that, in advance of disclosure, the parties, their counsel and such third person(s) sign(s) an Acknowledgement in the form attached as **Exhibit A** and thereby agree(s) to be bound by the terms of this Order.

    a.  authors or prior recipients of the "Confidential Information;"

    b.  deposition witnesses;

    c.  insurance representatives of any insurer of any party to this matter;

    d.  administrative professionals including vendors providing copying and other document services and court reporters;

    e.  Expert Witnesses and Non-testifying Experts.

    5.    <u>Effect of Protective Order on Confidentiality Status</u>:  Entering into, agreeing to, and/or producing or receiving "Confidential Information" or "Attorneys' Eyes Only" information or otherwise complying with the terms of this Order shall not:

    a.    operate as an admission by any party that any particular "Confidential Information" or "Attorneys' Eyes Only" information produced by another party or Non-Party contains or reflects trade secrets, proprietary or sensitive information, or any type of proprietary or confidential information.

    b.    operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information

deemed by any party to be "Confidential Information" or "Attorneys' Eyes Only" information.

c.     prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery.

d.     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order.

e.     prejudice in any way the rights of a party to seek determination by the Court whether any "Confidential Information" or "Attorneys' Eyes Only" information should or should not be subject to the terms of this Order.

f.     prevent the parties of this Order from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided herein with respect to any particular "Confidential Information" or "Attorneys' Eyes Only" information.

6.     Pleadings: All papers, documents and transcripts containing or revealing the substance of Confidential Information or Attorneys Eyes Only Information shall be filed in accordance with D.C.COLO.LCivR 7.2, and therefore shall be filed as restricted Level 1 documents and shall be filed with a Motion to Restrict Access.  It shall be the responsibility of the Party that designated the information Confidential or Attorneys Eyes Only to file the Motion to Restrict Access required by Local Rule 7.2.

7.     Contested Designations: A party shall not be obligated to challenge the propriety of designating any document as "Confidential Information" or "Attorneys' Eyes Only"

information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.   In the event that a party disagrees at any stage of these proceedings with the designation by the producing party of any information as "Confidential Information" or "Attorneys' Eyes Only" information, the parties shall try first to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party seeking to limit disclosure shall have seven (7) calendar days from receipt of written notice contesting the confidential designation to contact this Court and schedule a call with the Magistrate Judge to discuss resolution or further procedures, including whether a party can file a motion for protective order, with respect to the dispute.  The party seeking to limit disclosure of information shall bear the burden of proof that it should be protected as "Confidential Information" or "Attorneys' Eyes Only" information.  The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Order.

8. <u>Non-waiver</u>: The production of Documents by a Producing Party under the terms of this Order and in response to a request by a Requesting Party shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy or admissibility of said Document. Nothing contained herein shall preclude any party from opposing any discovery on any basis.

9. <u>Trial Procedures</u>: The parties agree to request jointly that the Court implement appropriate procedures to protect "Confidential Information" or "Attorneys' Eyes Only" information that may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

10.     Within sixty (60) calendar days after the final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Attorneys' Eyes Only" information, and to certify to the Producing Party or Non-Party such destruction or return.

11.     <u>Interim Effect</u>:  For purpose of proceeding with discovery without delay, pending the Court's approval of this Order, any "Confidential Information" or "Attorneys' Eyes Only" information produced under the terms of this Order shall be protected by the parties pursuant to these terms.

12.     <u>Acknowledgment:</u>  The Parties acknowledge any designation made pursuant to this Protective Order is subject to the certification requirement under F.R.C.P. 26(g).

Dated:  January 22, 2014                                s/ Craig B. Shaffer
                                                        United States Magistrate Judge

AGREED AS TO FORM AND SUBSTANCE:

**RIFKIN, WEINER, LIVINGSTON, LEVITAN & SILVER, LLC**

*/s/  M. Celeste Bruce*
M. Celeste Bruce
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Phone:  (301) 951-0150
E-mail: CBruce@rwlls.com

AND

**IRELAND STAPLETON PRYOR & PASCOE, PC**

*/s/  Mark E. Haynes*
Mark E. Haynes
Benjamin J. Larson
IRELAND, STAPLETON, PRYOR & PASCOE, P.C.
717 17th Street, Suite 2800
Denver, Colorado  80202
mhaynes@irelandstapleton.com
**ATTORNEYS FOR PLAINTIFF**
**TCR SPORTS BROADCASTING HOLDING, L.L.P.**
**D/B/A MID-ATLANTIC SPORTS NETWORK**

**GORDON & REES, LLP**

*/s/  Tamara Hoffbuhr Seelman*
John M. Palmeri, Esq.
Tamara Hoffbuhr Seelman, Esq.
Nicole C. Salamander Irby, Esq.
Gordon & Rees, LLP
555 17th Street, Suite 3400
Denver, CO 80202
jpalmeri@gordonrees.com
tseelman@gordonrees.com
**ATTORNEYS FOR DEFENDANT**
**CABLE AUDIT ASSOCIATES, INC.**
**D/B/A MEDIA AUDITS INTERNATIONAL**

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.   1:13-cv-01803-CMA

TCR Sports Broadcasting Holding, L.L.P. d/b/a Mid-Atlantic Sports Network

      Plaintiff,

v.

Cable Audit Associates, Inc. d/b/a Media Audits International

      Defendant.

**ACKNOWLEDGEMENT OF RECEIPT OF CONFIDENTIAL MATERIAL**

    I, _____, declare under the penalty of perjury, that:

    (a)    My present residential address is _____;

    (b)    My present employer is _____ and the

address of my present employer is _____

_____;

    (c)    My present occupation or job description is _____;

    (d)    I have received and carefully read the Protective Order dated _____,   and

understand its provisions. Specifically, I understand that I am obligated, under the Order of the

Court, to hold in confidence and not to disclose the contents of anything marked

"CONFIDENTIAL" or "ATTORNEYS EYES ONLY," except as permitted under the terms of

this Protective Order. I will use the Confidential or Attorneys Eyes Only Information solely for

purposes relating to the above-captioned litigation. I will never use said information, directly or

indirectly, in competition with the Designating Party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e)     At the termination of this Action or at any time requested by counsel, I will return to counsel for the party by whom I am employed, all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential or Attorneys Eyes Only Information, which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(f)     I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Order, and I further understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Designating Party.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.


Date: _____

Printed: _____

Declarant: _____