**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-01803-CMA-CBS

TCR SPORTS BROADCASTING HOLDING, LLP
d/b/a MID-ATLANTIC SPORTS NETWORK,

    Plaintiff,

v.

CABLE AUDIT ASSOCIATES, INC.
d/b/a MEDIA AUDITS INTERNATIONAL,

    Defendant.

---

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO F.R.C.P. 59(e)**

---

This matter is before the Court on Plaintiff's "Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59(e)." (Doc. # 60.) Because Plaintiff failed to demonstrate exceptional circumstances warranting relief, the motion is denied.

## I. BACKGROUND

On June 30, 2015, the Court granted Defendant's Motion for Summary Judgment (Doc. # 56.) The facts and background of this case are set forth in detail in this Court's Order, which is incorporated herein by reference.

## II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not explicitly authorize a motion to alter or amend a judgment. However, a litigant subject to an adverse judgment may file a motion to alter or amend pursuant to Rule 59(e) or a motion to reconsider pursuant to Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Figueroa v. Am. Bankers Ins. Co. of Fla.*, 517 F. Supp. 2d 1266, 1270 (D. Colo. 2006) (citing *Hatfield v. Bd. of County Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995)).

Although Plaintiff requested relief under Rule 59(e), the motion is properly construed under Rule 60(b). If filed within ten days of an underlying order, a request for relief should be construed as a motion to alter or amend pursuant to Rule 59(e). *Figueroa*, 517 F. Supp. 2d at 1270. Where a litigant files after ten days, however, the motion is construed pursuant to Rule 60(b). *Id.* This Court issued its Order granting summary judgment to Defendant on June 30, 2015 (Doc. # 56) and Plaintiff filed its request for relief twenty-seven days later, on July 27, 2015 (Doc. # 60). Because Plaintiff's motion was filed more than ten days after the issuance of the underlying order, the request for relief will be construed pursuant to Rule 60(b). *See Figueroa*, 517 F. Supp. 2d at 1270.

Requests for reconsideration pursuant to Rule 60(b) require an extreme showing, relative even to the lofty standard required under Rule 59(e). *Figueroa* is instructive on the distinction between the rules:

> Relief under Rule 59(e) should only be granted due to an intervening change in the controlling law, new evidence previously unavailable, or the

> need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000). Such a motion is appropriate where the Court has allegedly misapprehended the facts, a party's position, or the controlling law. *Id.*
>
> Relief under Rule 60(b) is within the Court's discretion, and should be granted only in exceptional circumstances. *Van Skiver*, 952 F.2d at 1243. The party seeking relief may show such exceptional circumstances by demonstrating one of the grounds set forth in the rule, such as mistake or excusable neglect, newly discovered evidence, or other reasons warranting relief from the order or judgment. *Id.* at 1243-44; *Allender*, 439 F.3d 1236, 1242 (10th Cir. 2006). Rule 60(b) is not a proper vehicle to re-argue matters presented in earlier briefing, or the [sic] challenge the correctness of the Court's factual or legal conclusions; Rule 59(e) is the only vehicle for such arguments. *Van Skiver*, 952 F.2d at 1244.

*Id.*

Plaintiff argues that the exceptional circumstance warranting reconsideration is this Court's "manifest error of law" in granting Defendant's Motion for Summary Judgment. (Doc. # 68 at 6.)

As an initial matter, this Court notes Plaintiff's prayer for reconsideration inappropriately revisits issues that were previously addressed and advances arguments that were raised in prior briefing. Still, this Court has conducted another comprehensive review of the record, including the underlying motion for summary judgment, the order granting summary judgment, and all relevant pleadings. This Court concludes Plaintiff, in merely revisiting arguments already considered by this Court, failed to show the exceptional circumstances that would warrant relief.

### III.  DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

3

matter of law." Fed. R. Civ. P. 56(a). The facts are to be viewed in the light most favorable to the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997). Although Plaintiff is correct in pointing out that factual issues can only be resolved by a finder of fact, those issues must be reasonably capable of resolution in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Based on the arguments again set forth by the parties, the Court's grant of summary judgment stands, as there are no genuine disputes as to any material facts and Defendant is entitled to a judgment as a matter of law.

In Colorado, contract interpretation is a question of law, not of fact. *Copper Mountain, Inc. v. Indus. Sys., Inc.*, 208 P.3d 692, 696 (Colo. 2009). A court should seek to determine the reasonable expectations of the parties at the time of signing. *Id.* at 697. If a contract's terms are ambiguous, a court may look to extrinsic evidence. *E. Ridge of Fort Collins, LLC v. Larimer & Weld Irrigation Co.*, 109 P.3d 969, 974 (Colo. 2005). This Court conditionally considered extrinsic evidence—the Affiliate Agreements—to determine whether the term "MASN Service" was ambiguous in the Audit Agreements that underlie this case. (Doc. # 56 at 6.) The Court found that the Affiliate Agreements—which Plaintiff provided to Defendant—clearly defined "MASN Service" to include MASN1 and MASN2. (*Id.*) Based on this straightforward definition, the Court determined "MASN Service" to be unambiguous in the Audit Agreements. (Doc. # 55 at 6.) In fact, both parties **agree** that this is the meaning of "MASN Service" in the Audit Agreements. (Doc. ## 60 at 3, 65 at 2.) However, there is disagreement

4

between the parties as to whether Defendant's audit of only MASN1 constituted a contractual breach.

Plaintiff claims the scope of the Audit Agreements and whether Defendant complied with the terms and obligations are matters of legitimate dispute, such that summary judgment was inappropriate. (Doc. # 60 at 2.) It is clear that the scope of the work required Defendant to verify the subscribers of the "MASN Service." *See, e.g.,* (Doc. ## 33-3 at 2, 33-8 at 2.) Plaintiff concedes that "[n]o affiliate is permitted to carry one channel without the other or to provide only a portion of the MASN Service." (Doc. # 36 at 25.) Based on this information alone, and as a matter of logic, there was no need for Defendant to audit subscribers who received only MASN2 because no such subscribers should have existed. In other words, because Plaintiff led Defendant to believe that the universe of subscribers receiving MASN1 was necessarily coextensive with the universe of customers receiving the "MASN Service," Defendant cannot be in breach for verifying the "MASN Service" by auditing recipients of MASN1. The fact that certain *third-party affiliates* eventually breached their agreements with Plaintiff by providing MASN2 but not MASN1 is of no consequence to this action.[1]

Plaintiff asserts Defendant was hired to determine whether third-party affiliates were in compliance with their contracts, which would have required Defendant to audit

---

[1] Additionally, Plaintiff argues that the interpretation of "MASN Service" as including only those who received both channels is incorrect because it would mean that affiliates could disregard their respective agreements with MASN, only provide subscribers with either MASN1 or MASN2 (and not both), and avoid paying license fees to Plaintiff. (Doc. # 60 at 10.) Plaintiff is correct in stating that this would be a breach of the affiliates' agreements, but that fact does not affect the meaning of the agreement between Plaintiff and Defendant.

both MASN1 and MASN2.  (Doc. # 60 at 5, 9.)  There is simply no language in the Audit Agreements, however, that charged Defendant with determining whether the third-party affiliates were in compliance.  (*See* Doc. ## 33-3—33-8.)  "Conclusory statements based merely on conjecture, speculati[on], or subjective belief do not constitute competent summary judgment evidence."  (Doc. # 65 at 5) (citing *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004)).  Plaintiff cannot unilaterally declare the meaning of its contract with Defendant without reference to any language that would support its characterization.

Finally, Plaintiff makes much of the fact that Defendant did not demand additional payment for its re-audits and calculation of the Shortfall Variance.  (Doc. # 60 at 12.)  Although Defendant may have subsequently agreed to perform additional services for Plaintiff, at the time the contracts were formed, the intent of the parties was that Defendant audit subscribers of the "MASN Service."  As such, this argument is also without merit.

### III.  **CONCLUSION**

Plaintiff has not demonstrated exceptional circumstances warranting relief pursuant to Rule 60(b).  In fact, Plaintiff's prayer for relief merely revisits arguments that were already considered by this Court.  Accordingly, it is ORDERED that Plaintiff's "Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59(e)" (Doc. # 60) is DENIED.

DATED: March 25, 2016

BY THE COURT:

_____

CHRISTINE M. ARGUELLO

United States District Judge