**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-01803-CMA-CBS

TCR SPORTS BROADCASTING HOLDING, LLP
d/b/a MID-ATLANTIC SPORTS NETWORK,

    Plaintiff,

v.

CABLE AUDIT ASSOCIATES, INC.
d/b/a MEDIA AUDITS INTERNATIONAL,

    Defendant.

---

**ORDER ON MOTION TO REVIEW CLERK'S TAXING OF COSTS PURSUANT TO F.R.C.P. 54(d)(1)**

---

This matter is before the Court on Plaintiff's Motion to Review Clerk's Taxing of Costs Pursuant to Fed. R. Civ. P. 54(d)(1). (Doc. # 67.) After conducting a *de novo* review and making necessary adjustments to the Clerk's assessment, the Court enters costs in the amount of $21,534.91.

**I. BACKGROUND**

On June 30, 2015, this Court granted Defendant's motion for summary judgment. (Doc. # 56.) Defendant submitted a Proposed Bill of Costs on July 14, 2015, seeking $32,667.76. (Doc. # 59.) The Clerk of the Court conducted a hearing on August 13, 2015 and entered costs in the amount of $22,682.01 on August 17, 2015. (Doc. # 66.) On August 25, 2015, Plaintiff filed a Motion to Review Clerk's Taxing of Costs Pursuant

to Fed. R. Civ. P. 54(d)(1). (Doc. # 67.) On September 11, 2015, Defendant filed a response (Doc. # 69), and Plaintiff thereafter replied (Doc. # 70).

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure Rule 54(d)(1) authorizes the Clerk of the Court to assess taxable costs, providing that "costs—other than attorney's fees—should be allowed to the prevailing party." Pursuant to *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1179 (10th Cir. 2005), Fed. R. Civ. P. 54(d)(1) limits recovery to the following costs enumerated in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;(5) Docket fees under [28 U.S.C.S. § 1923]; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C.S. § 1828].

However, only costs that are "reasonably necessary" for litigation are taxable. *See Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987). In determining what costs are reasonably necessary to the litigation, a court should view the facts in light of what the parties knew at the time the expenses were incurred. *Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1340 (10th Cir. 1998) (stating that it would be inequitable to withhold discovery costs which ultimately had no bearing on the court's decision, but appeared necessary for the preparation of the case at the time they were incurred). This Court reviews *de novo* a Clerk's assessment of costs. *In re Williams Sec. Litig. – WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009).

### III. ANALYSIS

**A. VIDEO DEPOSITIONS**

Plaintiff contends that the Clerk inappropriately entered costs for the transcription **and** video recording of depositions, arguing that 28 U.S.C. § 1920 only authorizes a court to tax fees for **either** printed **or** electronically recorded transcripts, but not both. (Doc. # 67 at 4.)

"A judge or clerk of any court of the United States may tax as costs . . . [f]ees for printed **or** electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920 (emphasis added). Although district courts in other circuits have concluded the disjunctive "or" precludes recovery of both costs, the Court of Appeals for the Tenth Circuit has expressly held that it is not an abuse of discretion to tax costs for both the videotaping and transcription of depositions. *Compare Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084,1090 (E.D. Mo. 2014) ("[T]he plain language of the statute is clear . . . a party cannot recover the cost of both a stenographic and video of the same deposition.") *with Tilton v. Capital Cities/ABC*, 115 F.3d 1471, 1478 (10th Cir. 1997) ("[T]he district court did not abuse its discretion in taxing the costs of both the preparation and transcription of the . . . videotaped depositions.").

Plaintiff accurately notes that the 10th Circuit decided *Tilton* before 28 U.S.C. § 1920 was amended to include reference to video recordings. (Doc. # 67 at 5.) However, since the modification, the United States District Court for the District of Colorado has, citing *Tilton*, permitted the taxation of costs for both video and stenographic transcripts. *See, e.g.*, *Chung v. El Paso Sch. Dist.*, 2015 U.S. Dist. LEXIS 155980 at *38 (D. Colo. Nov. 17, 2015) ("The Court finds that the Clerk did not err in

3

Case 1:13-cv-01803-CMA-CBS   Document 77   Filed 03/31/16   USDC Colorado   Page 4 of 9

awarding Defendant costs for videotaping the deposition . . . and for the stenographic transcript of that deposition."); *Foster v. Mt. Coal Co.*, LLC, 2015 U.S. Dist. LEXIS 96180 at *4 (D. Colo. July 23, 2015) ("[W]here a court finds that a deposition was reasonably necessary to the litigation of the case . . . the court should 'in most cases' allow costs for both stenographic transcription and videotaping.").

Additionally, as the Clerk noted, there is a public policy interest in allowing, and even encouraging, parties to videotape depositions. (Doc. # 66 at 3.) Videotaped depositions promote efficiency and judicial economy. *Tilton*, 115 F.3d at 1477. It comports with public policy to allow the recovery of costs associated with a "time-saving method[] that serve[s] to improve our system of justice." *Id.* (quoting *Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1368 (7th Cir. 1990)). This Court will not penalize Defendant for using technology that promotes efficiency. *See Callicrate*, 139 F.3d at 1340.

Plaintiff also argues that Defendant must demonstrate both the videotapes and transcripts were "put to a legitimate use independent from or in addition to the [other] which would justify its inclusion in an award of costs." (Doc. # 67 at 5) (quoting *Tilton*, 115 F.3d at 1477-78) (alteration in original). The *Tilton* court, however, did not focus on a specific, independent use, but rather discussed hypothetical scenarios where a transcript might be necessary, in addition to a video recording. 115 F.3d at 1478 (citing *Meredith v. Schreiner Transp.*, 814 F. Supp. 1004, 1006 (D. Kan. 1993)). For example, a taped deposition could be easily lost, erased, or rendered unusable. *Id.* Additionally, it is easier to edit the objectionable portions of a deposition using a transcript, and appellate courts can more easily review claims of error by reference to a transcript

4

rather than a videotape. *Id.* That the court could conceive of reasons a video and transcript would be used independently satisfied the requirement that costs be reasonably necessary to the litigation. *Id.* ("We agree, under the reasoning of *Meredith*, that in most cases, a stenographic transcript of a videotaped deposition [as well as the videotape itself] will be 'necessarily obtained for use in the case.'") (citation omitted). Moreover, the Federal Rules of Civil Procedure require a party to provide a transcript of all deposition testimony. *See* Fed. R. Civ. P. 32(c). Because costs associated with video recording a deposition are reasonable, and the Rules require a party to provide a transcript, assessing costs for both is appropriate.

The costs associated with the depositions were also reasonably necessary for the litigation, and therefore properly assessed. "A district court does not abuse its discretion in taxing transcription costs associated with depositions that were 'actually utilized by the court in considering [the defendant's] motion for summary judgment.'" *Tilton*, 115 F.3d at 1474 (quoting *Merrick v. N. Natural Gas Co.*, 911 F.2d 426, 434-35 (10th Cir. 1990)). Defendant cited nine of its thirteen depositions in its motion for summary judgment. *See* (Doc. # 33.) Of the four remaining depositions, Plaintiff cited three in its response. *See* (Doc. # 34.) Because the Court relied on Plaintiff's brief, twelve depositions out of the total thirteen taken were properly taxed.[1]

Plaintiff also asserts that certain additional costs associated with the depositions were improperly taxed. (Doc. # 67 at 7.) These costs include "an appearance fee from

---

[1] The Clerk determined, and Defendant did not dispute, that costs for the final deposition—that of Eric Sahl—should not be assessed because the deposition was not employed by the Court. (Doc. # 66 at 22.) Though this Court may have looked favorably on an argument that the Sahl deposition appeared reasonably necessary to the litigation at the time expenses were incurred, the Court declines to revisit the matter because Defendant failed to raise the issue.

the court reporter; a fee for the videographer; a fee for copies of an ASCII or condensed copy of the transcript; a DVD of the deposition; an Administrative fee; and shipping and handling." (*Id.*) However, "the costs **associated with** videotaping a deposition are taxable under section 1920(2)." *Tilton*, 115 F.3d at 1477 (emphasis added). These costs are part and parcel of obtaining video depositions and were appropriately taxed by the Clerk of the Court. *See Foster*, 2015 U.S. Dist. LEXIS 96180, at *7.

**B. VENDOR PRINTING CHARGES**

Plaintiff next asks the Court to reassess the vendor printing charges, claiming they are not allowable under 28 U.S.C. § 1920. (Doc. # 67 at 9.) 28 U.S.C. § 1920 specifically authorizes taxation of costs for "[f]ees and disbursements for printing" and "[f]ees for exemplification and the costs of making copies of any materials . . . necessarily obtained for use in the case." Plaintiff objects to these expenses, arguing they are a general reimbursement of Defendant's printing expenses. (Doc. # 67 at 9.) Defendant produced more than 12,000 pages of documents in response to Plaintiff's broad discovery requests. (Doc. # 69 at 11.) There is nothing in the record to indicate that these printing costs were incurred for Defendant's convenience, and not to meet Plaintiff's discovery demands. Accordingly, the Court concludes that costs associated with printing discovery materials were properly taxed by the Clerk of the Court. *See Crandall v. City & Cnty. of Denver*, 594 F. Supp. 2d 1245, 1256 (D. Colo. 2009).

**C. PRIVATE PROCESS SERVICE FEES**

28 U.S.C. § 1920 authorizes taxation of costs for "[f]ees of the clerk and marshal." There is a split of authority as to whether § 1920 permits a Court to assess costs for the use of a private process server. *Compare Ortega v. IP, Inc.*, 883 F. Supp.

558, 561 (D. Kan. 1995) *with Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 562 (E.D. Va. 2010). The trend, however, is to allow costs for private process servers up to the amount a party would have paid to the United States Marshal. *See, e.g., Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Here, Plaintiff argues only that private process server fees are not allowable. *See* (Doc. ## 61 at 8, 67 at 10.) The burden to demonstrate that costs are appropriate, however, belongs to Defendant in this case. *See Green Constr. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 675 (D. Kan. 1994). Defendant has not explained why private process servers were used or why same day subpoena service was necessary. More importantly, Defendant failed to provide the Court with any information regarding what the United States Marshal charges for service, such that the Court could adjudicate a reasonable private rate. In the absence of this information, the Court has no basis upon which to award costs, and thus costs for private process will not be taxed. Accordingly, the total assessed cost is reduced by $292.60.[2] *See* (Doc. # 66 at 3.)

D.  **REQUEST TO STAY THE ENTRY OF ANY AWARD OF COSTS**

Finally, Plaintiff requests that this Court postpone the award of costs until the resolution of post-judgment motions. (Doc. # 67 at 10.) That request is moot, as the Court has already issued an order denying Plaintiff's motion to alter or amend judgment. (Doc. # 74.)

---

[2] Defendant's Response notes that the Clerk inadvertently failed to reduce the cost of private process service from $292.60 to $195.00. (Doc. # 69 at 2 n.1.) Although it does appear that the Clerk intended to alter this cost on page one of the assessment, there is no other indication that he intended to make this reduction. (*Compare* Doc. # 66 at 1 *with* Doc. # 66 at 3.) Regardless, what the Clerk intended to do with these costs is irrelevant, as the Court declined to assess costs for private service.

**E.   TABULATION ERROR**

This Court further notes certain tabulation and transcription errors made by the Clerk that alter the total costs assessed.  Though the Clerk intended to exclude the costs for electronic transcript files for all depositions, it appears those costs were inadvertently included for the Bryant deposition (Doc. # 66 at 16), the Miller deposition (Doc. # 66 at 17), and the MacDonald deposition (Doc. # 66 at 17).  Correcting these errors reduces the assessment by $45.00.

In reducing the cost per page for the Ziegler deposition transcript, the Clerk made an additional error.  *See* (Doc. # 66 at 12.)  The Clerk assessed a $4.50 cost per page and multiplied that rate by 219, the number of pages in the transcript.  The total cost for the Ziegler transcript should have therefore been $985.50, not the $985.00 assessed by the Clerk.  Correcting this error increases the assessment by $0.50.

Finally, the Clerk made an error in recording the cost of the Haley deposition. *See* (Doc. # 66 at 9.)  After totaling the costs, the Clerk inadvertently wrote $5,907.09.  This was a mere transposition or transcription error, as the total should have been $5,097.09.  Correcting this error reduces the assessment by $810.00.

In total, the above errors require the Court to subtract a total of $854.50 from the costs assessed by the Clerk.

**IV.   CONCLUSION**

Consistent with the foregoing analysis, Plaintiff's Motion to Review Clerk's Taxing of Costs Pursuant to Fed. R. Civ. P. 54(d)(1) (Doc. # 67) is granted with respect to private service, and denied in all other respects. It is

FURTHER ORDERED that costs in the amount of $21,534.91are assessed against Plaintiff TCR SPORTS BROADCASTING HOLDING, LLP d/b/a MID-ATLANTIC SPORTS NETWORK and in favor of Defendant CABLE AUDIT ASSOCIATES, INC. d/b/a MEDIA AUDITS INTERNATIONAL.

DATED:  March 31, 2016

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge